Tlie opinion of tlie Court was delivered by
Beiuiuoez, C. J,
This is an action to revive a judgment. The case was once already before this Court, hut was remanded, 30 A, 692.
From an adverse judgment on the remandment, the plaintiff has appealed.
The original suit, wherein the judgment sought to he revived was *522 rendered, was upon notes endorsed by Rotchford, Brown & Co. The petition prayed that judgment be rendered against the members of the firm, who wore asked to bo cited individually.
On the written answer of one representing himself as the “ agent of the defendants,” judgment was rendered against the firm Rotchford, Brown & Co., composed of Shepherd Brown, Joseph H. Johnson and Philip Rotchford.
Within ton years after the rendition of this judgment, the suit to revive it, was instituted, which, now appears for a second time before this Court.
The main defense is, that the judgment sought to be revived is an absolute nullity, and as such cannot be revived.
The record of the suit in which it was rendered, consists merely of the petition, the endorsed notes, with waivers, the answer of R. A. Bourke, appearing and coufossingjudgment as the agent of the defendants, and the judgment rendered thereon and signed.
No evidence of the alleged agency was offered at the time.
It is claimed, however, that on the trial of the suit to revive, that agency was proved, as resulting from a notarial power issued to Bourke by Rotchford, Brown & Co., on the 19th of May, 1858. The evidence establishes that Bourke had no other power audit is not contended that ho had any other. That power, even if introduced in evidence at the time, would not havo justified the confession of Bourke in the name of Rotchford, Brown & Co., who wore not parties to the suit, who had not even been asked to be cited. It did not authorize Bourke to volunteer and confess judgment in the name of Rotchford, Brown & Co., in cases in which they had not even been made parties.
The judgment rendered was not even against the members of the firm. It could not havo been, for the reason that the power of attorney to Bourke was not issued to him by the individual members of the firm, but only by the firm. Such power did not confer on him, in any manner, the right to represent the individual members in that case. 18 A. 336.
The judgment rendered on the answer confessing judgment, is not responsive to the petition. It is not such as could have served as a foundation for any writ of fieri facias.
It is usual in suits against commercial firms, to obtain judgment not only against the firm, but also against each and every member composing it. The members in this case were not cited, and the judgment rendered, is not against them. It is rendered against the firm composed of the members, but it is not against the members.
It is well settled now, that in a suit to revive a judgment, although the defendant be not permitted to attack the judgment sought to be *523 revived, by urging some latent or relative nullities, sucli party is allowed to oppose the revival, but setting up patent or absolute nullities, which show the judgment to be utterly null and void. 30 A. 692, 363; 32 A. 1006.
The judgment sought to be revived, is shown clehrly to be an absolute nullity. The plaintiff seeks to revive that which never had any being. He cannot do so. 33 A. 342, 615 ; 31 A, 326; 30 A. 1330 ; 23 A. 69, 173 j 29 A. 69 ; MeCutcheou vs. Askew, 34 A. ; Levy vs. Calhoun, lb.
This view of the case dispenses us from passing upon the other defenses urged.
It is, therefore, ordered and decreed, that the judgment appealed from be affirmed, with costs.